UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-24828-SCOLA/GOODMAN

OSCAR CIRIACO DEL ORBE,

     Plaintiff,

v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON SUMMARY JUDGMENT MOTIONS

This case challenges a denial of social security benefits. Plaintiff Oscar Ciriaco Del Orbe and Defendant Kilolo Kijakazi,[1] Acting Commissioner of the Social Security Administration ("Commissioner"), filed cross-motions for summary judgment. [ECF Nos. 17; 22]. The Commissioner's summary judgment motion also served as her opposition response to Del Orbe's motion. [ECF No. 23]. Del Orbe filed a response to the Commissioner's summary judgment motion. [ECF No. 29].

According to the Clerk's directive in these types of administrative appeals, all

---

[1]     Plaintiff's initial suit was brought against Andrew Saul, the Acting Commissioner at the time of filing. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi should be substituted for Andrew Saul as the suit's Defendant.

dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

As explained below, the Undersigned **respectfully recommends** that the District Court **grant** Del Orbe's summary judgment motion, **deny** the Commissioner's summary judgment motion, and remand the case back to the Commissioner.

## I.      Procedural Background

On February 19, 2019,[2] Del Orbe protectively applied for disability insurance benefits and supplemental security income, alleging a disability with an onset date of January 16, 2016. (R. 203-206).[3] The Commissioner denied the application initially and on reconsideration. (R. 74-82; 96-105). After a hearing on June 16, 2020 (R. 21), Administrative Law Judge Norman Hemming (the "ALJ") concluded that Del Orbe was not disabled. (R. 31). The Appeals Council denied review of the ALJ's decision. (R. 1-3). The Commissioner's final decision is now subject to review.

## II.      Factual Background

Del Orbe was thirty-eight years old on the alleged disability onset date of January 16, 2016. (R. 207). Del Orbe completed the 4th grade in the Dominican Republic, speaks

---

[2]      The Undersigned obtained this date from Del Orbe's Social Security Application. (R. 203). The ALJ's decision references February 11, 2019 as the application date. (R. 21). This eight-day discrepancy has no impact on the Undersigned's analysis and neither party raised it as a factor warranting consideration.

[3]      Citations to ("R. __") refer to pages of the administrative record transcript. [ECF No. 14].

only Spanish, and cannot read or write. (R. 42-43; 245).

Del Orbe alleged disability due to multiple level disk herniations in his lumbar spine, failed back surgery, shoulder subacromial decompression, and spasms. (R. 246). Del Orbe claimed these problems arose following a car accident in January 2016. (R. 43). Because of his injuries, Del Orbe has undergone multiple surgeries, none of which have returned him to his pre-accident capabilities. (R. 304-308; 430; 467).

Before this accident, Del Orbe worked multiple prior jobs, including as a painter, a meat cutter, and as a cafeteria manager and cook. (R. 44-52). In his application for benefits, Del Orbe provided information about his work at a cafeteria from 2009 through 2016. (R. 247). As part of his duties, he had to walk or stand eight hours a day, stoop at the waist two hours a day, kneel at the knees two hours a day, and crouch one hour a day. (R. 248). He would frequently (between 1/3 to 2/3 of an eight-hour workday) lift 25 pounds, and the heaviest weight he had to lift was 50 pounds. *Id*. At the hearing, Del Orbe said the usual and heaviest amounts he had to lift were between 15 and 20 pounds. (R. 48).

Del Orbe claims that he is no longer able to cook due to his backpain. (R. 52). He spends most of his day watching the news on TV and will occasionally go outside. (R. 52-53). Either his girlfriend or his daughter assists him with feeding and bathing their two dogs, preparing food for him to put in the microwave, laundry, and cleaning dishes. (R. 53-55). Although he can bathe himself, when the pain intensifies, his daughter must assist

him. (R. 54).

In Del Orbe's opinion, he needs a cane to walk, and he experiences daily pain between a five and a seven on a one-to-ten scale. (R. 56-57). Del Orbe says he can no longer lift items more than six pounds and can walk or stand only in fifteen-minute increments before his feet and his legs start hurting. (R. 55-47).

## III. Applicable Legal Standards

### A. *Standard of Review*

In evaluating a claim for disability benefits, an ALJ must follow the five steps outlined in 20 C.F.R. §§ 416.920(a) and 404.1520, which the Undersigned summarizes as follows:

1. **Step one**. Is the claimant performing substantial gainful activity? If not, then an ALJ next determines:

2. **Step two**. Does the claimant have one or more severe impairments? If the claimant does, then an ALJ next considers:

3. **Step three**. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled; if not, then an ALJ must determine the claimant's residual functional capacity ("RFC"); and then determine:

4. **Step four**. Based on the RFC, can the claimant perform his or her past relevant work? If so, then the claimant is not disabled. If the claimant cannot perform his or her past relevant work, then an ALJ must finally determine:

5. **Step five**. Based on the claimant's age, education, and work experience, and the RFC, can he or she perform other work? If so, then the claimant is not disabled. If not, then the claimant is disabled and entitled to benefits.

*See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In reviewing the decision, the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports her findings of fact. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips*, 357 F.3d at 1240 n.8 (internal citation omitted). The Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal citation omitted). And "[i]f the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id.* (internal citation omitted).

The Court is authorized to enter a judgment affirming, modifying, or reversing the decision of an ALJ, with or without remand. 42 U.S.C. § 405(g); *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1302 n.13 (11th Cir. 2000).

## IV.    The ALJ's Findings

In denying Del Orbe's claim for benefits, the ALJ followed the sequential five-step evaluation process (stopping at step four) for social security claims. (R. 21-30). At step

one, the ALJ concluded that Del Orbe had not engaged in substantial gainful activity since January 16, 2016, the alleged onset date. (R. 24).

At step two, the ALJ concluded that Del Orbe had the following severe impairments: degenerative disc disease; dysfunction major joints; and obesity. *Id.*

At step three, the ALJ concluded that Del Orbe did not have an impairment or combination of impairments classifiable as a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Del Orbe has the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can only occasionally climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.

*Id.*

At step four, the ALJ concluded that Del Orbe **is** capable of performing his past relevant work as a manager/cafeteria. (R. 29).

Although the ALJ asked the Vocational Expert ("VE") whether Del Orbe was capable of performing other work, (R. 66-67), because he stopped at step four, his decision did not address whether the VE's testimony constituted substantial evidence in step five.

## V.     Analysis

Del Orbe argues fault with the ALJ's decision via two separate claims of error by the ALJ and an overarching argument attacking the constitutionality of the Social Security Administration's ("SSA") structure during Del Orbe's hearing. First, Del Orbe claims the ALJ failed to properly characterize his prior relevant work as a cafeteria manager as a

*composite* job, comprised of the duties of both a cafeteria manager and a cook. Second, Del Orbe argues that the ALJ's RFC is not supported by substantial evidence because he failed to properly consider all of the relevant medical evidence. Finally, Del Orbe claims that the United States Supreme Court's decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020) renders the structure of the SSA unconstitutional, which means the ALJ's authority was "constitutionally defective" and "deprived [him] of a valid administrative adjudicatory process." [ECF No. 17].

For the reasons discussed below, the Undersigned finds merit in Del Orbe's first argument, rejects Del Orbe's second argument, and declines to address Del Orbe's constitutional argument.

### A.     *The ALJ Erred by not Properly Considering Del Orbe's Past Relevant Work as a Cafeteria Manager as a Composite Job*

According to Del Orbe, he "never actually worked as just a Manager/Cafeteria . . . [i]nstead he clearly worked a composite job as both a Manager/Cafeteria and a Cook." [ECF No. 17] (internal quotations and emphasis removed). Thus, Del Orbe argues, when the ALJ determined that Del Orbe could perform his past relevant work as a Manager/Cafeteria, as actually and generally performed, he failed to account for the actual work Del Orbe performed and failed to abide by the Social Security Program Operations Manual ("POMS"). *Id*. Defendant appears to question whether Del Orbe's past relevant work qualifies as a composite job, but argues that, even if it did, "the ALJ would have to defer to the expertise of the vocational expert . . . [who] testified that an

individual with Plaintiff's limitations [can] perform [his] past relevant work as a cafeteria manager." [ECF No. 22].

In the ALJ's decision, he determines that Del Orbe's past relevant work encompasses the following professions: (1) Manager/Cafeteria, a light exertion position classified by the Dictionary of Occupational Titles ("DOT") at 187.167-106; (2) Cook, a medium exertion position, classified by the DOT at 313.361-014; (3) Meat Cutter, a heavy exertion position, classified by the DOT at 316.684-018; (4) Home Repairer, a medium exertion position, classified by the DOT at 869.381-010; and (5) Painter/Helper, a heavy exertion position, classified by the DOT at 869.687-026. The ALJ adopted the opinion of the VE and "[found] that [Del Orbe] can perform his past relevant work as a Manager/Cafeteria, as actually and generally performed." (R. 29-30).

During the hearing, Del Orbe provided the following testimony describing his time as a cafeteria manager:

> Q: All right then. Besides working -- after 2005, besides working in construction doing home repairs and working as a meat cutter at Tropical, have you worked anywhere else since then?
>
> A: Yes, I had my own cafeteria, and I worked as a cook.
>
> Q: Okay then. And so, you owned the cafeteria, and you were also the cook, right?
>
> A: Yes, I was the owner, and I had to do the cooking. It was a family business. It belonged to three of us, and I was the one that did the cooking.
>
> ***
> Q: Okay. As what was -- as the cook in 2011, what's the heaviest thing you

8

had to lift or carry working the cafeteria?

A: I had to lift heavy pots and also heavy saucepans. I would say about 15
to 20 pounds.

(R. 47-48).

Further, when the VE testified, she informed the ALJ that Del Orbe's work as a

cafeteria manager was done in conjunction with his work as a cook, stating:

VE: I have manager cafeteria, and that's --

***
ALJ: The manager of the cafeteria? Go ahead.

VE: Yes, actually, it's a combination job. It's a manager of a cafeteria.

ALJ: Yes.

VE: And that's DOT 8 -- I'm sorry. DOT 187.167-106, light exertional, SVP
7. And cook, DOT 313.361-014, medium exertional, SVP 7.

(R. 61-62). In addressing the first hypothetical worker proposed by the ALJ (which

matches the ALJ's ultimate RFC determination), the ALJ and the VE shared this exchange:

ALJ: Assuming a hypothetical claimant who has the same age, educational
background and vocational history as Mr. Del Orbe, and assuming that this
hypothetical Claimant is only able to function at the light exertional level,
I'm assuming that this hypothetical Claimant can occasionally climb ramps
and stairs, occasionally climb ladders, ropes, and scaffolds, occasionally
balance, occasionally stoop, occasionally crouch, and occasionally crawl,
and assuming that this hypothetical claimant -- I'm sorry. Would this
hypothetical Claimant be able to perform any of the past work of Mr. Del
Orbe either as performed or generally performed in the national economy?

VE: I'm checking, Your Honor. Just one moment.

ALJ: Sure, thank you.

> VE: He would not be able to do the construction worker job, which was the painter's helper. He would not be able to do the house repairer. Those are two jobs he would not be able to do, and the others are at medium level. One second. He would not be able to do all the jobs except the cafeteria manager, Your Honor.

(R. 65-66).

Finally, in the ALJ's decision, he describes Del Orbe's prior work as a cafeteria manager as a job "done in combination with that of cook." (R. 29).

"A composite job is one that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61 at *2) (alteration in original). A claimant's past relevant work may qualify as a composite job "if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant." ("POMS") DI 25005.020. If the claimant's past relevant work qualifies as a composite job, then the ALJ must assess the particular facts of the claimant's case to determine whether the claimant can perform his previous work as actually performed. *See* SSR 82-61 at *2.

Here, Del Orbe, the VE, and the ALJ all characterize Del Orbe's prior relevant work as a cafeteria manager as being done in combination with his prior relevant work as a cook. Thus, the Undersigned is satisfied that this is a composite job.

Defendant argues that the Undersigned should find substantial evidence supports the Commissioner's position because Del Orbe "failed to prove he could not perform his past relevant work as a cafeteria manager at the light level as *generally* performed in the

national economy." [ECF No. 22] (emphasis in original). This position is untenable with POMS DI 25005.020[4], which issues the following directives to ALJ's assessing composite jobs:

> Composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT.
> • The claimant's PRW may be a composite job if it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant.
> • If you determine that PRW was a composite job, you must explain why.
> • When comparing the claimant's RFC to a composite job as the claimant performed it, find the claimant capable of performing the composite job only if he or she can perform all parts of the job.
> • A composite job does not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy."

DI 25005.020 Past Relevant Work (PRW) as the Claimant Performed It, SSA POMS DI 25005.020.

Following this directive, "[i]f an ALJ finds that a plaintiff's [past relevant work] constitutes a composite job, the ALJ must determine whether the plaintiff has the RFC to perform the exertional demands of all the tasks associated with the composite job. *Cantu v. Comm'r of Soc. Sec.*, No. 2:19-CV-832-MRM, 2021 WL 960686, at *6 (M.D. Fla. Mar. 15,

---

[4]     Although POMS operating instructions are not binding on ALJs or on the Court, they warrant respect and are persuasive. *Wash. State Dep't of Soc. & Health Servs. v. Keffeler*, 537 U.S. 371, 385, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003) (while the "administrative interpretations" contained within the POMS "are not products of formal rulemaking, they nevertheless warrant respect"); *see Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003) ("While the POMS does not have the force of law, it can be persuasive.").

2021) (citing *Gregory v. Astrue*, No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, at *7 (M.D. Fla. Sept. 24, 2008)). Thus, an ALJ's decision cannot be affirmed if the ALJ finds that the claimant can perform only one portion of a composite job as it is generally performed nationally. *See Roberts v. Astrue*, No. 8:08-cv-120-T-17EAJ, 2009 WL 722550, at *3 (M.D. Fla. Mar. 18, 2009) ("In deciding whether claimant can perform his past relevant work, an ALJ may not separate a composite job into two jobs and fail to focus on all the demands of the composite job.") (citations omitted).

That is precisely what the ALJ in this case did. Despite acknowledging that Del Orbe's prior relevant work as a cafeteria manager was comprised of two separate DOT designations, the ALJ included as part of his determination a finding that Del Orbe could perform his past relevant work as a manager/cafeteria as actually performed.

Although the ALJ also makes a statement that Del Orbe could perform the work as actually performed, this statement is conclusory and unsupported by the record. The ALJ never questioned the VE about Del Orbe's ability to perform his past relevant work as actually performed. The VE's only testimony on the subject matter was that cafeteria manager was the only job available to Del Orbe based on the hypothetical restrictions. This failure to fully develop the record is compounded by the fact that the DOT description for "cook" -- the other portion of Del Orbe's composite work -- requires exertion beyond the limits imposed by the ALJ. 313.361-014 Cook, DICOT 313.361-014 ("STRENGTH: Medium Work - Exerting 20 to 50 pounds of force occasionally

(Occasionally: activity or condition exists up to 1/3 of the time) and/or 10 to 25 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or greater than negligible up to 10 pounds of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Light Work.").

Given the RFC limitations imposed by the ALJ, it is unlikely he would have reached the same conclusions at step four had he properly accounted for the cook- related obligations of Del Orbe's prior work. Therefore, the Undersigned cannot find that this error was harmless. *See Cantu*, 2021 WL 960686, at *7 (finding, *inter alia*, that the ALJ's failure to determine whether the plaintiff's past relevant work was a composite job was a harmful and reversible error).

**B.** *The ALJ's Assessment of the Medical Evidence is Supported by Substantial Evidence*

Del Orbe argues an additional basis in support of remand and claims the ALJ's decision is not supported by substantial evidence because

> in addition to failing to properly account for the limitations opined by Ciriaco Del Orbe's treating sources, the ALJ's RFC finding does not adequately account for the functional limitations that one would reasonably expect to arise from his chronic pain, failed back surgery and spinal impairments, and shoulder impairments because the RFC finding vastly overestimates the amount of standing, walking, sitting, lifting, and carrying the claimant is capable of performing on a sustained basis in the context of a full-time, competitive work setting and contains absolutely no manipulative limitations whatsoever.

[ECF No. 17]. In response, Defendant provides an overview of law surrounding an ALJ's

obligation to consider medical evidence and concludes by arguing the ALJ evaluated the medical evidence and found the opinion from Dr. Calloway, the state agency physician, was persuasive and supported his ultimate RFC. [ECF No. 22]. In Del Orbe's opinion, Defendant's two-and-a-half-page response is perfunctory and should be disregarded by the Court. [ECF No. 29].

"Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). In that same vein, "a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001).

In Del Orbe's motion, there is a near complete lack of legal analysis; he cites to only a POMS operating instruction and a single social security rule before delving into a recitation of all the medical evidence he believes supports his position. He cites no district or appellate cases and no additional social security rules. In contrast, Defendant includes very little factual analysis and, instead, gives a comprehensive overview of the regulatory scheme and the obligations of an ALJ. Neither strategy is ideal. However, neither does either strategy qualify as perfunctory. Therefore, the Undersigned will address the merits of both parties' arguments.

For claims filed on or after March 27, 2017, ALJs assess medical opinions under a different set of criteria than those filed before March 27, 2017. 20 C.F.R. § 416.927 ("For claims filed (see [20 C.F.R.] § 416.325) before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in § 416.920c apply."). Likewise, the definition of a "medical opinion" (evidence for which an ALJ must give formal "weight") was amended for claims filed on or after March 27, 2017. *Compare* 20 C.F.R. § 416.913(a)(2) (applying to claims filed on or after March 27, 2017) *with* 20 C.F.R. § 416.927 (applying to claims filed before March 27, 2017).

Del Orbe's claim was filed on February 19, 2019, which means the post-March 27, 2017 regulations apply. Under these regulations, ALJs are no longer required to give preference to "treating sources" and, instead, assign weight to medical opinions based on supportability (i.e., the amount of relevant objective medical evidence and supporting explanations supporting an opinion) and consistency (i.e., whether the opinion is consistent with evidence from other medical and nonmedical sources).[5] 20 C.F.R. § 416.920c(b)(2).

Further, under the post-March 27, 2017, regulations,

[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more

---

[5]   When assigning weight to a medical opinion, an ALJ is also permitted, but not required, to consider the relationship with the claimant, the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. § 416.920c(b)(2), (c)(3)(i)-(v).

impairment-related limitations or restrictions in . . . [y]our ability to perform physical demands of work activities . . . [y]our ability to perform mental demands of work activities . . . [y]our ability to perform other demands of work, such as seeing, hearing, or using other senses; and [y]our ability to adapt to environmental conditions.

20 C.F.R. § 416.913(a)(2)(i)(A)-(D).

Although Del Orbe cites extensive excerpts from his medical records, he cites no evidence that would qualify as a "medical opinion" under the applicable regulations. Instead, he cites evidence that would qualify as either "objective medical evidence" or "other medical evidence."[6] Although an ALJ is required to afford weight to medical opinions, *see* 20 C.F.R. § 416.920c, there is no such requirement for the types of evidence Del Orbe claims deserves more consideration than was given by the ALJ. 20 C.F.R. § 416.920b. In fact, it is well-settled that "the ALJ [is not required] to 'specifically refer to every piece of evidence in [her] decision,' so long as the decision is sufficient to allow [the Court] to conclude that the ALJ considered the claimant's medical condition as a whole." *Castel v. Comm'r of Soc. Sec*, 355 F. App'x 260, 263 (11th Cir. 2009) (quoting *Dyer*, 395 F.3d at 1211).

---

[6]     "Objective medical evidence is medical signs, laboratory findings, or both, as defined in § 416.902(k) . . . . Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 416.913(a)(1), (3).

Moreover, some of the medical evidence Del Orbe claims invalidates the ALJ's decision is specifically precluded from consideration. For example, Del Orbe argues that "[i]t was Dr. Lichtblau's medical opinion, as a board certified physiatrist, he noted, that the claimant would not be competitive in the open labor market, secondary to his chronic pain, and he doubted he would be able to participate in gainful employment in the competitive open labor market." This type of evidence is considered neither inherently valuable nor persuasive and an ALJ will not provide any analysis about how the evidence was considered. 20 C.F.R. § 416.920b (c)(3)(i) ("Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work" are neither valuable nor persuasive).

Del Orbe has failed to undermine the ALJ's analysis of the medical evidence. "Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the records that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

In the ALJ's decision, he bases his ruling on the medical observations of the same doctors for whom Del Orbe argues the Court should consider *other* sections of their findings. In determining that Del Orbe can perform light work, the ALJ noted that Dr. Lichtblau reported that Del Orbe suffered from intermittent shoulder pain, ambulated with a normal gait, and had 5/5 motor strength; Dr. Garcia reported Del Orbe's surgeries

were medically unnecessary and unreasonable and he did not suffer a permanent injury from the car accident; a consultative examiner reported that Del Orbe's use of a cane was not a medical necessity; and, during a follow-up examination, Dr. Lichtblau reported that Del Orbe indicated that his current medication allowed him to perform simple activities and helped at times with acute exacerbation.

At bottom, Del Orbe is asking the Undersigned to reweigh the evidence, which is impermissible. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (holding that the court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

Although Del Orbe characterizes his argument as a claim that there is a lack of substantial evidence, the argument is more correctly summarized as a request for the Court to reweigh the evidence presented to the ALJ. While there may be evidence in the record which contradicts the ALJ's RFC findings, Del Orbe has not met his burden to show that there is a lack of evidence supporting the ALJ's RFC finding. Therefore, there is no basis for remand on this ground.

C.      *Constitutionality of the Proceedings*

Del Orbe's final argument is that the proceedings themselves were unconstitutional and this warrants a remand. [ECF No. 17]. Defendant counters that, although it agrees that 42 U.S.C. § 902(a)(3) "violated the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause[,]" there is no nexus between the unconstitutionality of this provision and Del Orbe's unfavorable judgment. [ECF No. 22]. This, Defendant argues, means that Del Orbe is not entitled to remand on this ground.

"[F]ederal courts should avoid reaching constitutional questions if there are other grounds upon which a case can be decided." *BellSouth Telecommunications, Inc. v. Town of Palm Beach*, 252 F.3d 1169, 1176 (11th Cir. 2001); *see also Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 165 (5th Cir. Unit A 1981) ("Article III limits the federal judicial power in terms of the power to decide certain classes of 'cases' or 'controversies,' and the cornerstone of this constitutional limitation is that a federal court should decide only those questions necessary for adjudication of the case before it."); *Williamson v. Brevard Cty.*, 928 F.3d 1296, 1316 (11th Cir. 2019) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988)). Thus, if a Court is able to fully address the merits of the case on other grounds, then it should decline to address a constitutional question.

Because the Undersigned has found that remand is appropriate, I decline to address the arguments of the parties as to whether the underlying proceedings were constitutional and, if not, then whether the unconstitutionality warrants remand.

## VI.    Conclusion

The Undersigned **respectfully recommends** that the District Court **grant** Del Orbe's summary judgment motion, **deny** the Commissioner's summary judgment motion, and that the case be **remanded** pursuant to 42 U.S.C. § 405(g), with instructions to the ALJ to determine whether there is substantial evidence that Del Orbe can perform his past relevant composite work as a Manager/Cafeteria and Cook and, if not, then whether there is sufficient other work in the national economy that Del Orbe is capable of performing.

## VII.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on April 7, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Robert N. Scola
All counsel of record